# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2574

_____

United States of America

*Plaintiff - Appellee*

v.

Nathan Leland Minard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 3, 2017
Filed: May 8, 2017

_____

Before WOLLMAN, LOKEN, and RILEY, Circuit Judges.

_____

LOKEN, Circuit Judge.

A Knoxville, Iowa citizen reported an encounter with a suspicious person who knocked on his door, then struck a vehicle while driving away. A dispatched Marion County Deputy located and approached the reported vehicle parked on a dead-end road. The vehicle's armed driver was Nathan Minard, and the vehicle was full of firearms and other items taken in recent local burglaries. Minard was charged and pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g). The Presentence Investigation Report calculated an advisory guidelines range of 120 to 150 months in prison; the statutory maximum sentence was 10 years.

At sentencing, Ryan McCarthy, one of Minard's burglary victims, addressed the court, explaining the impact the burglary of their residence had on McCarthy, his wife, and their two young children. "My wife, you know, she'll hear something after I've left for work in the morning, you know, she's never going to get by what's happened to us because of his irresponsible actions." When McCarthy completed his statement, the district court[1] stated: "I understand exactly what you're saying. It happened to me, too, when my kids were little, so I know exactly what you're talking about." The prosecutor then stated the government's sentencing position, asking the court to impose the statutory maximum of 120 months, based on Minard's extensive criminal history and the events leading to his arrest in a vehicle full of stolen items and firearms. The district court discussed in detail its consideration of the 18 U.S.C. § 3553(a) sentencing factors and imposed a 120-month sentence.

Minard filed a timely motion under Rule 35 of the Federal Rules of Criminal Procedure, alleging that the district court's statement to the crime victim at sentencing "might have caused the Court to lack impartiality resulting in a harsher sentence," and seeking "re-sentencing to occur before a different Judicial Officer." The district court denied the motion without a hearing, explaining that its statement to the victim "had nothing to do with the sentence imposed. . . . [It was] an expression of empathy, nothing more." Minard appeals, arguing the district court erred in denying his Rule 35 motion because the statement reflected a bias or partiality which required the judge to recuse, *sua sponte*, pursuant to 28 U.S.C. § 455(a). We conclude this contention is without merit for multiple reasons and therefore affirm.

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

First, as Minard did not object or move for recusal at sentencing, the issue was not timely raised and our review is for plain error. See, e.g., United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008). Rule 35 provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Minard cites no case, and we have found none, in which Rule 35 relief was granted because the sentencing judge failed to recuse *sua sponte*. Minard seeks to bring his motion within the purview of Rule 35 by arguing the district court committed "clear error." But clear error is not plain error.

Second, "a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." United States v. Ali, 799 F.3d 1008, 1017 (8th Cir. 2015) (quotation omitted). Opinions based on facts or events occurring in a judicial proceeding "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Here, the district court's spontaneous expression of empathy for a crime victim's impact statement reflected no deep-seated antagonism, and its statement of reasons for imposing a 120-month sentence reflected thorough and proper consideration of the statutory sentencing factors.

Finally, Congress has given crime victims the statutory rights "to be reasonably heard at any public proceeding in the district court involving . . . sentencing," and "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(4) and (8). Rather than reflect bias or antagonism to Minard, the district court's single statement -- directed to the crime victim at the end of the victim's stressful appearance -- furthered the congressional policy of encouraging crime victim participation in the criminal justice process.

The judgment of the district court is affirmed.

_____

-3-