# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4857

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EUGENE ROBERT LECLEAR,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:18-cr-00035-JPB-JPM-1)

Submitted:  August 1, 2019                    Decided:  September 3, 2019

Before NIEMEYER, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher J. Gagin, MCCAMIC, SACCO & MCCOID, PLLC, Wheeling, West Virginia, for Appellant.  William J. Powell, United States Attorney, Randolph J. Bernard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Robert LeClear appeals the 30-month sentence imposed by the district court following his guilty plea to wire fraud, in violation of 18 U.S.C. § 1343 (2012). LeClear argues that the district court judge improperly failed to notify LeClear of his social media relationship with a restitution recipient[1] or to recuse himself based on that relationship. LeClear also asserts that the district court imposed a procedurally and substantively unreasonable sentence. We affirm.

We review LeClear's recusal claim for plain error because LeClear did not move for recusal in the district court.[2] Fed. R. Crim. P. 52(b); *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (stating standard of review); *see United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (providing standard), *cert. denied*, 138 S. Ct. 1572 (2018). LeClear asserts that there was an appearance of impropriety pursuant to 28 U.S.C. § 455(a) (2012), but he only cites the district court's sentencing decisions and the bare fact of the district court judge's social media connections to a recipient of restitution in this case. Standing alone, a social media connection or similar personal contact does not merit recusal: "the more common a potentially biasing circumstances and the less easily avoidable it seems, the less that circumstance will appear to a knowledgeable observer as a sign of partiality." *United States v. DeTemple*,

---

[1] In his plea agreement, LeClear agreed to pay restitution to the recipient, who was not a victim of the offense of conviction, in exchange for dismissal of other charges.

[2] LeClear's due process rights were not violated by the district court's failure to disclose his social media connection to the restitution recipient.

2

162 F.3d 279, 287 (4th Cir. 1998) (internal quotation marks omitted); *see United States v. Cherry*, 330 F.3d 658, 666 (4th Cir. 2003); *see also United States v. Stone,* 866 F.3d 219, 230 (4th Cir. 2017) (in applying § 455(a), court's consider "whether the judge's impartiality might be questioned by a reasonable, *well-informed* observer who assesses *all the facts and circumstances*" (internal quotation marks omitted)). We conclude that LeClear has not established plain error here.

Finally, "[w]e review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The district court correctly calculated the advisory Sentencing Guidelines range and gave the parties an opportunity to be heard. *See Gall*, 552 U.S. at 49-51. LeClear argues that the district court inadequately selected and explained its chosen sentence. But the district court specifically discussed the 18 U.S.C. § 3553(a) (2012) factors, the severity of the crime, the effects on the victims, and the characteristics of LeClear's offense conduct. Thus, LeClear's sentence is procedurally reasonable. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

We next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. When a district court imposes a sentence outside of the Guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). But

3

the district court need not find "extraordinary circumstances" to justify a deviation from the Guidelines range. *Gall*, 552 U.S. at 47. In this case, the district court did not abuse its discretion in concluding that LeClear's extraordinary methods and effects on his community justified an upward variance, and we conclude that LeClear's sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4