**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4342**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLAUDE SIMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Donald C. Coggins, Jr., District Judge. (7:18-cr-00291-DCC-1)

Submitted: November 25, 2019                    Decided: December 6, 2019

Before AGEE and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Andrew Mackenzie, BARRETT MACKENZIE, LLC, Greenville, South Carolina, for Appellant. Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claude Simpson appeals his conviction and sentence after pleading guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to distribution and possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The parties stipulated that the appropriate sentence was 10 years in prison; and the district court accepted the agreement and imposed that sentence. On appeal, Simpson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether Simpson received ineffective assistance of counsel, causing him to involuntarily enter into his plea agreement and plead guilty. Simpson has filed a pro se supplemental brief further addressing these issues, challenging the district court's recusal decision, and seeking to challenge his sentence. We affirm in part and dismiss in part.

Simpson asserts ineffective assistance of counsel and questions the validity of his guilty plea. We will not consider a claim of ineffective assistance of counsel on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (citation omitted). "In order for a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (citation omitted). "It must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (internal quotation marks and citation omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances

2

surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id.* (internal quotation marks and citation omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The court also must determine that the plea is voluntary and that there is a factual basis for the plea." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (citing Fed. R. Crim. P. 11(b)). "Generally, we review the acceptance of a guilty plea under the harmless error standard." *Id.* (citation omitted). "But when, as here, a defendant fails to move in the district court to withdraw his or her guilty plea, any error in the Rule 11 hearing is reviewed only for plain error." *Id.* (citation omitted). Simpson must show plain error affecting his substantial rights. *See United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017).

We have reviewed the record and conclude that no ineffective assistance of counsel conclusively appears on the face of the record. We further conclude there was no plain error in the Rule 11 colloquy affecting Simpson's substantial rights. Although the district court omitted the advice required under Fed. R. Crim. P. 11(b)(1)(O) that a defendant who is not a United States citizen may be deported as a result of his guilty plea, Simpson is a United States citizen who cannot be deported. At his Rule 11 hearing, Simpson affirmed that he was pleading guilty freely and voluntarily; and his decision to plead guilty was a voluntary and intelligent choice among the alternative courses open to him.

3

Simpson next challenges the district judge's decision not to recuse himself, arguing that he should have done so to avoid the appearance of impropriety. We review a judge's recusal decision for abuse of discretion. *United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017) (citation omitted). We have reviewed the record and find no abuse of discretion. The district court properly accepted Simpson's waiver after making a full disclosure on the record of the basis for the disqualification. *See* 28 U.S.C. § 455(e) (2012).

Finally, Simpson seeks to challenge his sentence. "[A] sentence imposed pursuant to the terms of a Rule 11(c)(1)(C) plea agreement may only be reviewed if it is unlawful or expressly based on the United States Sentencing Guidelines." *Williams*, 811 F.3d at 622. Simpson's stipulated sentence did not exceed his statutory maximum and was not otherwise imposed in violation of law under 18 U.S.C. § 3742(a)(1) (2012). Moreover, his Rule 11(c)(1)(C) plea agreement did not expressly use a Guidelines sentencing range to establish the term of imprisonment. We therefore lack jurisdiction to review his sentence.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Simpson's conviction. We dismiss Simpson's appeal of his sentence. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*