**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4288**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARUS ZEHRBACH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, District Judge. (1:18-cr-00060-TSK-MJA-1)

_____

Submitted: February 24, 2020                     Decided: March 11, 2020

_____

Before AGEE, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Martinsburg, West Virginia, Jarod J. Douglas, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darus Zehrbach pled guilty, pursuant to a written plea agreement, to making a false statement to a federal agent, in violation of 18 U.S.C. § 1001(a)(2) (2018). Zehrbach's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal outside the scope of Zehrbach's appellate waiver, but questioning whether Zehrbach's sentence is reasonable. Zehrbach filed two pro se supplemental briefs, in which he asserts actual innocence, among other issues. We ordered supplemental briefing on the issue of whether the district court procedurally erred by failing to address the parties' nonfrivolous arguments for a probationary sentence.

The Government now seeks to enforce the appellate waiver in the plea agreement. We review de novo the issue of whether a defendant validly waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, this Court will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

A defendant's waiver of rights is valid if he entered it knowingly and intelligently. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). In making this determination, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver position

2

during the plea "colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Zehrbach knowingly and voluntarily waived his right to appeal and that any challenge to his sentence falls squarely within the compass of the appellate waiver.

However, the appellate waiver does not bar Zehrbach's assertion of actual innocence, which we construe as a challenge to the factual basis for his guilty plea. *See id.* at 364. Because Zehrbach did not move to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "'Before entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea.'" *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (quoting Fed. R. Crim. P. 11(b)(3)). To satisfy this standard, the court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Id.* (internal quotation marks omitted).

We conclude that there is a sufficient factual basis for the plea. Regardless of whether Zehrbach's sale of scooters to Iran was legal under the sanctions regime, he was convicted of making a false statement to a federal officer—lying about where the scooters were shipped from. Although Zehrbach now claims that his statement was true, this contradicts his sworn statement at the Rule 11 hearing. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." (alteration and internal quotation

3

marks omitted)). Moreover, the presentence report identified the specific emails referenced at the Rule 11 hearing that indicated that Zehrbach did not have the capacity to manufacture scooters in China as he had stated to federal officers. *See United States v. Ketchum*, 550 F.3d 363, 366-67 (4th Cir. 2008) (recognizing "district court may conclude that a factual basis exists from anything that appears on the record, and it may defer its inquiry until sentencing" (citation and internal quotation marks omitted)). Accordingly, we affirm Zehrbach's conviction.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore affirm in part and dismiss in part. This court requires that counsel inform Zehrbach, in writing, of the right to petition the Supreme Court of the United States for further review. If Zehrbach requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Zehrbach.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*