**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-4601

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RONALD LESLIE PIERCE, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:15-cr-00018-BO-1)

Submitted: March 25, 2020                          Decided: April 22, 2020

Before AGEE, KEENAN, and RUSHING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Leslie Pierce, Jr., pled guilty in separate proceedings to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (2018) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (2018) (Count 11). He received concurrent sentences of 151 months' imprisonment and 10 years' supervised release. Pierce argues that his guilty pleas were unknowing and involuntary because they lacked an independent factual basis. He also argues that the district court failed to address his argument for a variant sentence. Lastly, he argues that his sentence for Count 11 exceeded the statutory maximum. We affirm in part and dismiss in part.

"Before entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The requirement that the court find a factual basis "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). "The requirement . . . is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007) (internal quotation marks omitted). "The district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (internal quotation marks omitted). The "court is not required to replicate the trial that the parties sought to avoid, or

2

to rely only on the Rule 11 plea colloquy. Rather, the district court may conclude that a factual basis exists from anything that appears on the record." *United States v. Ketchum*, 550 F.3d 363, 366-67 (4th Cir. 2008) (citations and internal quotation marks omitted).

Because Pierce did not attempt to withdraw his guilty pleas, review is for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id*. If Pierce satisfies these three prongs, we will only correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted). Upon our review of the record, we conclude that the court became aware of the factual basis for the two charges after receiving testimony from law enforcement during a pretrial hearing. This testimony amply established an independent factual basis for the convictions. Accordingly, there was no plain error.

Pierce argued for a sentence below the advisory Sentencing Guidelines range. He now argues that his sentence is procedurally unreasonable because the district court did not adequately explain the sentence or consider his reasons for a variant sentence. The Government asserts that this argument is unreviewable because Pierce waived his right to appeal any sentence within the Guidelines range.

In determining procedural reasonableness of a sentence, we look for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to

3

adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented and must state in open court the particular reasons supporting its chosen sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). This standard requires the court to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). "[F]ailing to adequately explain the chosen sentence [is a] procedural error[]." *Provance*, 944 F.3d at 218.

There is no indication that the district court considered counsel's request for a below-Guidelines sentence of 60 months' imprisonment. Pierce, however, waived his right to appeal a within-Guidelines sentence for Count 1. We review de novo the issue of whether a defendant validly waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). When the Government seeks to enforce an appeal waiver and does not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal and (2) the issues raised on appeal fall within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005). In determining the validity of the appeal waiver, we consider "the totality of the circumstances, including the experience and

4

conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver provision during the plea "colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

"In determining whether an appellate waiver provision bars consideration of the issues raised in a particular appeal, we interpret the terms of the parties' plea agreement in accordance with traditional principles of contract law." *United States v. Yooho Weon*, 722 F.3d 583, 588 (4th Cir. 2013). Accordingly, we "hold the government to a greater degree of responsibility for any ambiguities than the defendant, or even than the drafter of a provision of a commercial contract," and "will enforce an appellate waiver provision against a defendant only if that provision is clearly and unambiguously applicable to the issues raised by the defendant on appeal." *Id.* (citation and internal quotation marks omitted).

We conclude that Pierce's appeal waiver is valid and enforceable as to Count 1. Accordingly, we will not review Pierce's challenge to the procedural reasonableness of Count 1's sentence. But Pierce entered his guilty plea to Count 11 prior to waiving his right to appeal in court. The subsequent plea agreement appears to apply only to Count 1, and we will not extend the waiver to the sentence Pierce received for Count 11. Nevertheless, even if the district court procedurally erred by failing to fully explain the chosen sentence, we will not vacate Count 11's sentence and remand for resentencing because Pierce received identical concurrent sentences.

5

"[T]he concurrent sentence doctrine . . . still has continuing force as a species of harmless-error review where a defendant seeks to challenge the legality of a *sentence* that was imposed for a valid conviction, but where the challenged sentence runs concurrently with a valid sentence of an equal or greater duration." *United States v. Charles*, 932 F.3d 153, 160 (4th Cir. 2019). Because Pierce's challenge to the procedural reasonableness of Count 11's sentence would have no effect on Pierce's total term of imprisonment or supervised release, we conclude that any error was harmless.

Lastly, Pierce correctly argues that his 151-month sentence for Count 11 exceeds the 10-year statutory maximum sentence. *See* 18 U.S.C. § 2252(a)(4)(B), (b)(2). Review of this issue is for plain error because Pierce did not raise the issue below. We conclude that there was error in the sentence and the error is plain. However, because Pierce received a valid and identical term of imprisonment for Count 1, the error does not affect Pierce's substantial rights because it will not affect his length of imprisonment. *See United States v. Ellis*, 326 F.3d 593 (4th Cir. 2003) (on plain error review, declining to vacate erroneous sentence because error did not affect Ellis' length of imprisonment).

Accordingly, we affirm the sentences in part, and dismiss Pierce's challenge to the procedural reasonableness of Count 1 due to Pierce's waiver of his right to appeal a within-Guidelines sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*