**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 19-4714**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TEVIN RAYSHAWN WILLIAMS, a/k/a Taliban,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00067-WO-1)

─────────

Submitted:  November 16, 2020              Decided:  November 18, 2020

─────────

Before KING, FLOYD, and THACKER, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tevin Rayshawn Williams pled guilty, pursuant to a written plea agreement, to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Based on a total offense level of 21 and a criminal history category of III, Williams' advisory Sentencing Guidelines range with respect to the drug conviction was 46 to 57 months. Williams faced a mandatory 60-month consecutive sentence for the firearm offense. The district court imposed a 106-month sentence: 46 months on the drug charge and a consecutive 60-month sentence on the firearm offense. Williams noted a timely appeal. Williams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the validity of Williams' guilty plea. Williams has filed pro se briefs contending that counsel was ineffective, that he is actually innocent of the firearms offense, and that he was a victim of sentencing manipulation. We affirm.

In her *Anders* brief, counsel questions whether Williams' plea was knowing and voluntary. Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed.

2

R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). We have reviewed the transcript of Williams' guilty plea hearing and find that the district court fully complied with the requirements in Rule 11 and that Williams' plea was knowingly and voluntarily entered.

In his pro se supplemental brief, Williams first claims that his attorney was ineffective for advising him to plead guilty to the § 924(c) offense. Ineffective assistance of counsel claims are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). A defendant should instead raise ineffective assistance claims in a 28 U.S.C. § 2255 motion, to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). We find that ineffective assistance is not apparent on the face of the record before this court.

Second, Williams asserts that he is actually innocent of the § 924(c) offense because the Government failed to establish a connection between the firearm and the underlying drug offense. "'Before entering judgment on a guilty plea, the [district] court must find a sufficient factual basis to support the plea.'" *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (quoting Fed. R. Crim. P. 11(b)(3)). To satisfy this standard, the court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Id.* (internal quotation marks omitted). Here, Williams stated under oath at the Rule 11 hearing that he possessed the firearm in furtherance of his drug trafficking crime as alleged in the indictment. "A

defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (alteration and internal quotation marks omitted)). Williams cannot overcome this presumption.

Finally, Williams claims that he was the "victim" of "sentencing factor manipulation." Specifically, Williams argues that, by collecting the drug weights of several transactions, he was unfairly punished for a quantity of drugs higher than the quantity involved in the single transaction charged in the indictment. "Under the Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Relevant conduct includes all "acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (2018). This "often includes a broader range of conduct than the conduct underlying the offense of conviction." *United States v. Young*, 609 F.3d 348, 358 (4th Cir. 2010). Because the drug quantities attributed to Williams were based on controlled purchases made through a confidential informant during the course of the investigation, the district court properly included those quantities in determining Williams' sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. We grant Williams' motions to file supplemental pro se briefs. This court requires that

4

counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*