**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4348**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER W. THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cr-00014-JPB-JPM-1)

Submitted:  December 19, 2023                    Decided:  December 21, 2023

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  David Schles, Charleston, West Virginia, for Appellant.  Clayton John Reid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher W. Thomas appeals his conviction and 109-month sentence imposed following his guilty plea to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Thomas' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Thomas' guilty plea and the reasonableness of the sentence. Although notified of his right to do so, Thomas has not filed a pro se supplemental brief. The Government moves to dismiss the appeal pursuant to the appeal waiver in Thomas' plea agreement. We dismiss in part and affirm in part.

Thomas' appeal waiver does not bar consideration of his appellate counsel's question regarding the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (noting that an appeal that "goes to the propriety of the guilty plea itself . . . is not barred by [an appeal] waiver" (internal quotation marks omitted)). Because Thomas did not move in the district court to withdraw his guilty plea, we review the court's acceptance of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the

2

error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).  Accordingly, before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3); *see also United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis).

Here, Thomas consented to proceeding before a magistrate judge for the Fed. R. Crim. P. 11 plea colloquy.  The magistrate judge did not advise Thomas that the parties' agreed-upon disposition of the remaining charges in the indictment would appear in the judgment, *see* Fed. R. Crim. P. 11(c)(4), but because the district court dismissed those charges in accordance with the plea agreement, the magistrate judge's omission did not affect Thomas' substantial rights.  Furthermore, the magistrate judge otherwise complied with Rule 11, ensuring that Thomas' plea was knowing, voluntary, and supported by a factual basis.  We therefore conclude that Thomas' guilty plea is valid.

3

Turning to Thomas' appeal waiver, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* Typically, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted); *see Boutcher*, 998 F.3d at 608.

Our review of the record confirms that Thomas knowingly, voluntarily, and intelligently waived his right to appeal and that the appeal waiver in the plea agreement is valid and enforceable. Because Thomas' counsel's question regarding the reasonableness of the sentence falls squarely within the scope of the valid waiver, which precludes all appeals except those claiming ineffective assistance of counsel or prosecutorial misconduct, the waiver bars review of that issue.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Thomas' valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We deny the motion in part and affirm the remainder of the criminal judgment. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review.

4

If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*