**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4324**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNATHAN AQUAVIUS HEATH, a/k/a Booty,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00314-M-1)

———————

Submitted:  February 27, 2024                     Decided:  February 29, 2024

———————

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Scarlet Moore, Greenville, South Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnathan Aquavius Heath appeals his convictions and 252-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, and cocaine base, in violation of 21 U.S.C. § 846, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  Heath's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but briefly questioning whether the district court reversibly erred during the plea proceedings or sentencing.  Although notified of his right to do so, Heath has not filed a pro se supplemental brief.  The Government moves to dismiss the appeal pursuant to the appeal waiver in Heath's plea agreement.  We dismiss in part and affirm in part.

To the extent Heath's counsel seeks to challenge the validity of the guilty plea, the appeal waiver does not bar consideration of that challenge.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (noting that an appeal that "goes to the propriety of the guilty plea itself . . . is not barred by [an appeal] waiver" (internal quotation marks omitted)).  Because Heath did not move in the district court to withdraw his guilty plea, we review the court's acceptance of his plea for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).  In the guilty plea context, a defendant

2

establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Accordingly, before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3); *see also United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis).

At the Fed. R. Crim. P. 11 colloquy, the district court informed Heath that the remaining charges against him would be dismissed at sentencing, in accordance with the terms of the plea agreement, but the court did not advise Heath that this disposition would appear in the judgment. *See* Fed. R. Crim. P. 11(c)(4). But because the judgment includes the dismissal of the remaining charges and there is no indication that the district court's minor omission influenced Heath's decision to plead guilty, the court's error did not affect Heath's substantial rights. Furthermore, the court otherwise complied with Rule 11,

3

ensuring that Heath's plea was knowing, voluntary, and supported by a factual basis. We therefore conclude that Heath's guilty plea is valid.

Turning to Heath's counsel's question regarding whether the district court reversibly erred during sentencing, the sentence is within the statutory maximum, *see* 21 U.S.C. § 841(b)(1)(A), and the record does not reflect that the court "premised its sentence on a constitutionally impermissible factor" or otherwise imposed "the type of illegal sentence [that] a defendant can successfully challenge despite an appeal waiver." *United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013) (internal quotation marks omitted). Moreover, to the extent counsel questions the procedural and substantive reasonableness of the sentence, that question falls squarely within the scope of the appeal waiver. And our review of the record confirms that Heath knowingly, voluntarily, and intelligently waived his right to appeal. Accordingly, we conclude that the appeal waiver is enforceable and precludes us from reviewing the reasonableness of Heath's sentence. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (stating that "[w]hen the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver" and that "[a] valid appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Heath's valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as

4

to all issues within the waiver's scope. We deny the motion in part and affirm the remainder of the criminal judgment. This court requires that counsel inform Heath, in writing, of the right to petition the Supreme Court of the United States for further review. If Heath requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Heath. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*