**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4411**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE FIELDS, a/k/a Chin,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:21-cr-00351-GLR-2)

---

Submitted:  February 27, 2024             Decided:  February 29, 2024

---

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  Kim Y. Hagan, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Fields appeals his convictions and 300-month sentence imposed following his guilty plea to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a), and murder through discharging a firearm during a crime of violence, namely, substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 924(c), (j). Fields' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Fields admitted committing the elements of the offenses, whether plea counsel rendered ineffective assistance, and whether the sentence is reasonable. Although notified of his right to do so, Fields has not filed a pro se supplement brief. The Government moves to dismiss the appeal pursuant to the appeal waiver in Fields' plea agreement. We dismiss in part and affirm in part.

Fields' appeal waiver does not bar consideration of the question of whether Fields admitted committing the offenses, as this implicates the validity of the underlying guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (noting that an appeal that "goes to the propriety of the guilty plea itself . . . is not barred by [an appeal] waiver" (internal quotation marks omitted)). Because Fields did not move in the district court to withdraw his guilty plea, we review the court's acceptance of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a

2

defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Accordingly, before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3); *see also United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis).

At the Fed. R. Crim. P. 11 colloquy, the district court did not advise Fields that the parties' agreed-upon disposition of the remaining charge in the indictment would appear in the judgment. *See* Fed. R. Crim. P. 11(c)(4). However, because the court dismissed the charge in accordance with the plea agreement, the court's omission did not affect Fields' substantial rights. Likewise, while the court failed to advise Fields that its obligation to impose a special assessment applied to each of the counts to which Fields pled, *see* Fed. R. Crim. P. 11(b)(1)(L), nothing in the record suggests that this minor omission affected

3

Fields' decision to plead guilty. Moreover, the court otherwise complied with Rule 11. In particular, as relevant to the question Fields raises on appeal, the court ensured that he understood the elements of the offenses and that his plea was supported by a factual basis. We therefore conclude that Fields' guilty plea is valid.

Turning to Fields' challenge to plea counsel's assistance, this challenge also implicates the validity of the plea and, thus, is not barred by the appeal waiver. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) ("Even if the court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel."). However, the transcript of the plea colloquy reflects that Fields' plea was knowing, voluntary, and supported by a factual basis. Thus, the present record does not conclusively establish that counsel provided ineffective assistance, and we decline to address Fields' ineffective assistance claim on direct appeal. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (noting that we do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record"). This "claim should be raised, if at all, in a [28 U.S.C.] § 2255 motion." *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

Fields' remaining challenge to the reasonableness of his sentence falls squarely within the scope of the appeal waiver, which unambiguously bars all appeals on any ground whatsoever. Moreover, our review of the record confirms that Fields knowingly, voluntarily, and intelligently waived his right to appeal and that the appeal waiver is thus valid and enforceable. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021)

(holding that an appeal waiver is valid and enforceable "if the issue being appealed falls within the scope of the waiver" and "the totality of the circumstances" reflect that the defendant entered into the waiver "knowingly and intelligently" (internal quotation marks omitted)).  Accordingly, the appeal waiver precludes us from reviewing the reasonableness of Fields' sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Fields' valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope.  We deny the motion in part and affirm the remainder of the criminal judgment.  This court requires that counsel inform Fields, in writing, of the right to petition the Supreme Court of the United States for further review. If Fields requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fields.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5