**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4628**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER SCOTT JONES,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Jamar Kentrell Walker, District Judge.  (4:23-cr-00032-JKW-LRL-1)

_____

Submitted:  January 28, 2025                      Decided:  March 4, 2025

_____

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Peter L. Goldman, Alexandria, Virginia, for Appellant.  Peter Gail Osyf, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia; Daniel J. Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Scott Jones pled guilty, pursuant to a written plea agreement, to coercion and enticement of a child, in violation of 18 U.S.C. § 2422(b) (Count 1), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 7). The district court sentenced Jones to 405 months' imprisonment on Count 1 and a concurrent 240 months on Count 7.

On appeal, Jones challenges the validity of his guilty plea and appeal waiver and contends that the district court erred in calculating his advisory Sentencing Guidelines range and by imposing a sentence at the top of that range. The Government has moved to dismiss the appeal based on the appeal waiver in Jones's plea agreement. Jones opposes the motion to dismiss.

Even a valid appeal waiver does not preclude our review of the validity of a guilty plea. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading guilty, and the possible consequences of his guilty plea. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3); *see United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and

2

binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Because Jones neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted). Our review of the record confirms that the district court substantially complied with Rule 11 and did not plainly err in accepting Jones's guilty plea.

Turning to the appeal waiver, "[a] defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *Id.* (internal quotation marks omitted). Generally, if the district court fully questions a defendant during a Rule 11 colloquy regarding the waiver of his right to appeal and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

The language of Jones's appeal waiver was clear and unambiguous, and our review of the record confirms that he knowingly and intelligently executed it. We therefore conclude that the waiver is valid. Pursuant to this waiver, Jones relinquished the right to appeal his convictions and any sentence within the statutory maximum. Jones's challenges to his sentence fall squarely within the scope of the appeal waiver.

In challenging his guilty plea, Jones asserts that he was denied effective assistance of counsel in the plea proceedings and during sentencing. Claims of ineffective assistance are not barred by appeal waivers. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). Nevertheless, we decline to reach these claims because they do not conclusively appear on the face of the record. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Jones's ineffective assistance claims should be raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Accordingly, as to Jones's challenge to his guilty plea, we affirm. We grant the Government's motion to dismiss as to the sentencing claims and we decline to address the ineffective assistance claims because ineffectiveness does not conclusively appear on the face of the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4