**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4813**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DEAN PAUL STITZ,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00083-RJC-1)

Argued: September 20, 2017        Decided: December 14, 2017

Before DUNCAN, DIAZ, and THACKER, Circuit Judges.

Affirmed by published opinion. Judge Thacker wrote the opinion, in which Judge Duncan and Judge Diaz joined.

**ARGUED:** Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Jill Westmoreland Rose, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

THACKER, Circuit Judge:

Dean Paul Stitz ("Appellant") appeals the district court's determination that a factual basis existed for his plea of guilty to distribution of child pornography. Specifically, the main issues on appeal are whether use of a peer-to-peer file-sharing system constitutes "distribution" of child pornography pursuant to 18 U.S.C. § 2252A(a)(2)(A), and whether Appellant possessed the requisite mens rea. For the following reasons, we answer both questions in the affirmative. Accordingly, we affirm.

I.

On April 7, 2016, the Government filed a single-count information charging Appellant with distribution of child pornography by computer in violation of 18 U.S.C. § 2252A(a)(2)(A).[1] Appellant and the Government had previously entered into a plea agreement on April 5, 2016, wherein Appellant stipulated that there was a factual

---

[1] 18 U.S.C. § 2252A(a)(2)(A) provides:

(a) Any person who--

. . .

(2) knowingly receives or distributes--

(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . .

shall be [guilty of a crime against the United States].

Appellant does not dispute that the images on his computer constituted child pornography.

basis for the plea. The parties filed a stipulated factual basis ("Stipulation") signed by the Government and Appellant's counsel as an attachment to the plea agreement. The plea agreement noted that Appellant had read and understood the Stipulation.

The Stipulation states that on three occasions FBI investigators used the ARES file-sharing network[2] to connect with Appellant's IP address and download child pornography files. Moreover, Appellant admitted in the Stipulation that during an interview with the FBI, he acknowledged that he was aware his computer was sharing child pornography files on the ARES network.

On April 14, 2016, Appellant appeared in magistrate court for a plea hearing. The court conducted the plea colloquy based on the single-count information, plea agreement, and Stipulation. Appellant confirmed that he was aware the Stipulation had been filed as an attachment to the plea agreement, he had read the Stipulation, and he understood and agreed with the Stipulation.

On October 26, 2016, the district court conducted a sentencing hearing during which it accepted the Stipulation and found a sufficient factual basis to support the guilty plea as required by Federal Rule of Criminal Procedure 11(b)(3). The court calculated Appellant's advisory sentencing range pursuant to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") at 151 to 188 months, corresponding to an

---

[2] ARES is a peer-to-peer file sharing program a user can download from the internet. ARES allows users to access and download files from other users' shared folders. Once a file is downloaded in ARES, the file automatically is shared on the network. A user cannot completely disable sharing through the program.

offense level 34 and criminal history category I. The parties agreed that the calculation was correct.

During the sentencing hearing, Appellant argued that he was entitled to a lower sentence based on the factors enumerated in 18 U.S.C. § 3553(a). Appellant's argument was twofold: (1) his distribution of child pornography was passive; and (2) he did not have the specific intent to distribute.

Throughout the sentencing hearing, Appellant reiterated that he knew the peer-to-peer file-sharing system made his child pornography images available to others. For example, during his allocution, Appellant said, "I knew what peer-to-peer did. I looked for a way to turn it off. I didn't find one. And I foolishly just kept using it for awhile. . . . I saw a connection made, and I saw the file downloaded . . . ." J.A. 69.[3] Appellant further agreed with the district court's description of his conduct as "a peer-to-peer type situation which [Appellant] knowingly was aware that what . . . he was engaging in, he was making available to other[s] . . . ." *Id.* at 59. Significantly, Appellant's counsel also stated, "He had knowledge. I certainly would concede that." *Id.* at 60.

Ultimately, the court varied downward from the Guidelines calculation and sentenced Appellant to 121 months of imprisonment. In doing so, the district court took into account that the two-level enhancement under U.S.S.G. § 2G2.2(b)(6) for the use of a computer to distribute child pornography was "put in place at the time when the use of

---

[3] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

the computer was a more significant fact than it appears to be today." J.A. 79. It also found compelling Appellant's "horrific childhood" and rehabilitative efforts. *Id.* at 79.

Appellant timely appealed. He contends the district court erred in finding a factual basis for his plea because there is no published law in this circuit concluding that use of a peer-to-peer file-sharing program constitutes a conviction under the statute. Thus, his conduct did not "conclusively establish[] the elements of the offense." Appellant's Br. 18 (quoting *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993)).

## II.

When reviewing a lower court's determination that a factual basis exists for a guilty plea, we apply an abuse of discretion standard of review. *See United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007). However, when a defendant does not challenge the factual basis for the plea in the district court, the standard is plain error. *See id.* at 657. The parties dispute which standard applies here.

Appellant may have argued below that he did not have the specific intent to distribute child pornography and that his distribution was passive, but these arguments were not a challenge, even indirectly, to the factual basis of the plea agreement. Rather, they were made as part of a § 3553(a) variance argument, which does not implicate the factual basis underlying the plea. Indeed, argument on the § 3553(a) factors is a *sentencing* argument that presupposes a conviction, and therefore, an accepted factual basis. *See* Fed. R. Crim. P. 11(b)(3), 32(i)(1)(C), 32(i)(4)(A); *see also Florida v. Nixon*, 543 U.S. 175, 187 (2004) ("[T]he [guilty] plea is not simply a strategic choice; it is itself a conviction . . . ." (internal quotation omitted)); *Kercheval v. United States*, 274 U.S.

5

220, 223 (1927) ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.").

Moreover, as discussed further herein, the mens rea necessary for a conviction pursuant to 18 U.S.C. § 2252A(a)(2)(A) is "knowingly," which does not require specific intent to distribute. *See United States v. Matthews*, 209 F.3d 338, 352 (4th Cir. 2000); *see also United States v. Johnson*, No. AW-11-552, 2012 WL 2317539, at *5 (D. Md. June 18, 2012) ("[A] possessor's motivations, good or bad, are irrelevant to the issue of *mens rea* [under § 2252A]." (emphasis in original)). Thus, any intimation that Appellant did not act with the specific intent to distribute does not negate mens rea and was not enough to raise a challenge to the factual basis for his plea. Thus, because Appellant did not raise this issue properly below, a plain error standard applies.

"Plain error requires the existence of (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009); *see* Fed. R. Crim. P. 52(b). We proceed to address the merits against this backdrop.

6

III.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The district court "possesses wide discretion" in finding a factual basis, and it "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). "The district court may conclude that a factual basis exists from anything that appears on the record . . . ." *United States v. Ketchum*, 550 F.3d 363, 366–67 (4th Cir. 2008) (internal quotation omitted). "A 'stipulated recitation of facts alone [is] sufficient to support a plea . . . .'" *Id.* at 367 (quoting *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996)).

In this case, Appellant pled guilty to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). This statute prohibits the (1) knowing (2) distribution of child pornography (3) using any means in or affecting interstate or foreign commerce, including by a computer. 18 U.S.C. § 2252A(a)(2)(A). Whether Appellant's conduct satisfies the "knowing" and "distribution" elements is at issue here.

A.

As to the requisite mens rea, this court has held that 18 U.S.C. § 2252 does not require a defendant to possess "a bad motive or evil intent." *United States v. Matthews*, 209 F.3d 338, 352 (4th Cir. 2000). "The scienter requirement Congress [chose] [for § 2252] -- 'knowingly'-- evidences no intent to exempt 'innocent' use of child pornography from prosecution." *Id.* The same mens rea applies to 18 U.S.C. § 2252A.

7

*Compare* 18 U.S.C. § 2252, *with* 18 U.S.C. § 2252A; *see also United States v. Johnson*, No. AW-11-552, 2012 WL 2317539, at *5 (D. Md. June 18, 2012) (applying the same standard to an 18 U.S.C. § 2252A violation).

Appellant repeatedly admitted that he was aware his child pornography files were being shared:

- "The defendant also acknowledged that he was aware that his computer was sharing some of the child pornography files on the ARES network." J.A. 16 (Stipulation).

- "I knew what peer-to-peer did. I looked for a way to turn it off. I didn't find one. And I foolishly just kept using it for awhile. . . . I saw a connection made, and I saw the file downloaded . . . ." *Id.* at 69 (allocution).

- "[APPELLANT'S COUNSEL]: He had knowledge. I certainly would concede that." *Id.* at 60 (sentencing hearing).

- "THE COURT: Not holding it against him, but this case involves not just viewing, but a peer-to-peer type situation which [Appellant] knowingly was aware that what illegal activity he was engaging in, he was making available to other people as well.

  [APPELLANT'S COUNSEL]: Yes." *Id.* at 59 (sentencing hearing).

Appellant's admissions are further bolstered by his professional background in information technology. Appellant represented at sentencing that he is a self-taught "expert" in the field of information technology who worked for Wells Fargo National Bank as a technology manager for 17 years. J.A. 56. Thus, there was sufficient evidence for the district court to conclude that a factual basis existed as to the "knowing" element.

8

B.

We next consider whether use of a peer-to-peer file-sharing program constitutes "distribution" pursuant to 18 U.S.C. § 2252A. While we have held that "use of a peer-to-peer file-sharing program constitutes 'distribution' for the purposes of [a Guidelines enhancement,]" we have not yet confronted the question relative to § 2252A. *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009).[4]

The Tenth Circuit weighed in on this issue in *United States v. Shaffer*, 472 F.3d 1219 (10th Cir. 2007). In *Shaffer*, the defendant used a peer-to-peer computer network to download pornographic images of children and to store them in a shared folder on his computer. *See id.* at 1220–21. Law enforcement downloaded images from the defendant's shared folder, and the defendant admitted to knowing others downloaded images from his shared folder. *See id.* at 1224. The defendant was convicted of distribution of child pornography but, like Appellant here, contended on appeal that he did not "distribute" child pornography because he acted passively in the transfer of the images. *See id.* at 1223. The Tenth Circuit dismissed this argument and determined that the defendant "distributed child pornography in the sense of having 'delivered,' 'transferred,' 'dispersed,' or 'dispensed' it to others." *Id.* The court analogized such a

---

[4] Moreover, in an unpublished opinion, this court has held that under 18 U.S.C. § 2252A, downloading, storing, and sharing images using a peer-to-peer program may establish knowing receipt, possession or transportation of child pornography. *See United States v. Stanley*, 533 F. App'x 325, 328 (4th Cir. 2013) (per curiam).

9

situation to an owner of a self-service gas station making gasoline available to passing motorists. *See id.* at 1223–24.

Several of our sister circuits subsequently adopted the Tenth Circuit's interpretation and held that where files have been downloaded from the defendant's collection of child pornography images, use of a file-sharing program constitutes distribution. *See United States v. Richardson*, 713 F.3d 232, 236 (5th Cir. 2013) (upholding a distribution conviction where a law enforcement officer downloaded a child pornography video stored in the defendant's shared folder); *United States v. Budziak*, 697 F.3d 1105, 1109 (9th Cir. 2012) (holding that "the evidence is sufficient to support a conviction for distribution under 18 U.S.C. § 2252(a)(2) when it shows that the defendant maintained child pornography in a shared folder, knew that doing so would allow others to download it, and another person actually downloaded it"); *United States v. Chiaradio*, 684 F.3d 265, 281–82 (1st Cir. 2012) ("When one consciously makes files available for others to take and those files are in fact taken, distribution has occurred."); *see also United States v. Husmann*, 765 F.3d 169, 173–175 (3rd Cir. 2014) (crediting the Tenth Circuit's interpretation but explicitly clarifying that evidence must be presented of an actual download from the defendant's shared folder for a conviction in this circumstance). None of our sister circuits have rejected the Tenth Circuit's position.

We now take this opportunity to join our sister circuits and hold that where files have been downloaded from a defendant's shared folder, use of a peer-to-peer file-sharing program constitutes "distribution" pursuant to 18 U.S.C. § 2252A. Here, FBI agents downloaded child pornography from Appellant's shared folder, and Appellant

admitted in the Stipulation and on the record that he knew his files were being shared. Accordingly, the district court did not err, plainly or otherwise. There was sufficient information on the record and in the Stipulation to find Appellant (1) knowingly (2) distributed child pornography (3) using any means in or affecting interstate commerce, including a computer. *See* 18 U.S.C. § 2252A(a)(2)(A).

IV.

In light of the foregoing, the decision of the district court is

*AFFIRMED.*