**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4128**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHERROD MARQUIS CANNON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:15-cr-00121-AWA-RJK-1)

Submitted:  September 25, 2019                    Decided:  October 2, 2019

Before FLOYD, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant. Andrew Curtis Bosse, Assistant United States Attorney, John Farrell Butler, Assistant United States Attorney, Norfolk, Virginia, Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherrod Marquis Cannon appeals his conviction and sentence after pleading guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). On appeal, Cannon's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issues of whether the district court erred under Fed. R. Crim. P. 11 and whether his sentence is reasonable. Cannon was notified of his right to file a pro se supplemental brief but has not done so. However, we have considered the challenge to his § 924(c) conviction raised in his pro se notice of appeal, which was also addressed in the *Anders* brief.[*] We previously held this appeal in abeyance for *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019). In light of *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"), we now affirm.

Cannon first questions whether the district court complied with Rule 11. Because he did not seek to withdraw his guilty plea or assert any Rule 11 error in the district court, we review this issue for plain error. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (citation omitted). "'Plain error requires the existence of (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the

---

[*] Although Cannon's notice of appeal was untimely, we do not lack jurisdiction over this appeal. *See United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009).

2

fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (citations omitted). We review the legal question of whether an offense qualifies as a crime of violence de novo. *Mathis*, 932 F.3d at 263.

We have reviewed the record and conclude that Cannon has not shown any plain error under Rule 11 affecting his substantial rights. In its plea colloquy, the district court omitted the advice required under Rule 11(b)(1)(O) that a defendant who is not a United States citizen may be removed as a result of his guilty plea, but Cannon is a United States citizen and cannot show that this omission affected his substantial rights. We further conclude that the district court did not plainly err in finding that there was a sufficient factual basis for his plea in accordance with Rule 11(b)(3). The § 924(c) count to which he pled guilty was predicated not only on conspiracy but also on substantive Hobbs Act robbery that Cannon committed on April 27, 2015; and his stipulated statement of facts established that he committed that substantive offense. We therefore find no plain error by the district court. *See United States v. Lawson*, 677 F.3d 629, 655 (4th Cir. 2012).

Cannon next questions whether his sentence is reasonable. "As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United*

3

*States*, 552 U.S. 38, 51 (2007).  If the sentence is procedurally reasonable, we consider its substantive reasonableness.  *Id.*  A sentence within the Guidelines range is presumptively reasonable.  *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019) (citing *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014)).  A defendant can only rebut the presumption by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors.  *Louthian*, 756 F.3d at 306.

We have reviewed the record and conclude that the district court did not commit any procedural error, and Cannon fails to rebut the presumption that his sentence is substantively reasonable.  The district court properly calculated his Guidelines range and reasonably determined that a sentence at the low end of the range on the § 1951(a) count and the mandatory minimum sentence on the § 924(c) count was appropriate in this case.  The district court granted Cannon's request to run his sentence concurrently with his state probation revocation sentence and adequately explained its sentencing decision.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal.  We therefore deny the pending motion and affirm the district court's judgment.  This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*