**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4206**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELENILSON CERON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:21-cr-00019-MR-WCM-2)

_____

Submitted:  December 15, 2022                    Decided:  December 19, 2022

_____

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eric J. Foster, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elenilson Ceron pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and the district court sentenced him to 26 months' imprisonment. On appeal, Ceron challenges the sufficiency of the factual basis supporting his guilty plea. We affirm.

Because Ceron did not seek to withdraw his guilty plea in the district court, we review the sufficiency of the factual basis for plain error. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

A factual basis is sufficient under Fed. R. Crim. P. 11 if it establishes "that the defendant committed all of the elements of the offense." *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (internal quotation marks omitted). "The district court may conclude that a factual basis exists from anything that appears on the record." *Id.* (cleaned up). "A stipulated recitation of facts alone is sufficient to support a plea." *Id.* (cleaned up).

2

Here, the factual basis established that Ceron and his coconspirator intended to obtain loans and other financial products from federally insured banks and that, in furtherance of their objective, they stole mail, credit cards, and laptops. They then used personal identifying information gleaned from the stolen items to fraudulently open bank accounts and take out loans. The factual basis thus reflects that Ceron and his coconspirator knowingly agreed to commit bank fraud and, in relation to that offense, committed aggravated identity theft. *See United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017) (discussing elements of conspiracy to commit bank fraud); *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014) (discussing elements of aggravated identity theft); 18 U.S.C. § 1028A(c)(5) (listing bank fraud as predicate felony offense for aggravated identity theft). Moreover, Ceron affirmed the accuracy of the factual basis during the Rule 11 colloquy. Thus, the district court did not plainly err in finding that the factual basis was sufficient to support Ceron's convictions.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3