**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4398**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JON ALAN DAVIS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Richard E. Myers, II, Chief District Judge. (5:23-cr-00208-M-RN-1)

_____

Submitted: March 11, 2025                  Decided: March 13, 2025

_____

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jon Alan Davis pled guilty, pursuant to a written plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)*; possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Davis to 80 months' imprisonment and four years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Davis knowingly and voluntarily pled guilty, whether there was ineffective assistance of counsel or prosecutorial misconduct, whether Davis's § 922(g)(1) conviction is constitutional, and whether the sentence is procedurally reasonable. Although notified of his right to do so, Davis has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by the appeal waiver in Davis's plea agreement.

A valid appeal waiver does not preclude this court's review of the validity of a guilty plea. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of,

---

* Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) offenses; the penalty provision in 18 U.S.C. § 924(a)(8) now sets forth a 15-year statutory maximum sentence for § 922(g) offenses. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year penalty did not apply in this case because Davis committed his offense before the June 25, 2022, amendment of the statute.

2

and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading guilty, and the possible consequences of his guilty plea. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3); *see United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Because Davis neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

We have reviewed the Rule 11 colloquy and conclude that, although the district court omitted a few of Rule 11's requirements, those minor omissions did not affect Davis's substantial rights. Moreover, the district court ensured that Davis's plea was knowing,

3

voluntary, and supported by a factual basis. Accordingly, we discern no plain error in the district court's acceptance of Davis's guilty plea.

Turning to the validity of the appeal waiver, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record confirms that Davis knowingly and intelligently waived his right to appeal his convictions and sentence, excepting only claims of ineffective assistance of counsel and prosecutorial conduct. We therefore conclude that the waiver is valid and enforceable and that Davis's challenges to the constitutionality of his § 922(g)(1) conviction and the reasonableness of his sentence fall squarely within the waiver's scope. *See Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (explaining that "normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid [appellate] waivers").

The appeal waiver does not preclude our review of Davis's ineffective assistance and prosecutorial misconduct claims. However, there is no evidence in the record to support Davis's conclusory claim of prosecutorial misconduct. Furthermore, "[u]nless an

4

attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record before us does not conclusively establish that plea counsel rendered ineffective assistance. Accordingly, Davis's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Davis's valid appellate waiver. Accordingly, we grant the Government's motion to dismiss Davis's appeal in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*