**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4748**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

LARRY MARNECUS STANFORD, JR.,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:22-cr-00140-D-RJ-5)

———————

Submitted:  April 24, 2025                    Decided:  April 28, 2025

———————

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  R. Brent Walker, LAW OFFICE OF R. BRENT WALKER, Charlotte, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Marnecus Stanford, Jr., appeals his conviction following his guilty plea to maintaining a place for manufacturing, distributing, and storing controlled substances, and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On appeal, Stanford argues the district court plainly erred because his plea to possession of a firearm in furtherance of a drug trafficking crime was not supported by an adequate factual basis. We affirm.

Because Stanford did not challenge the factual basis for his guilty plea in the district court, we review for whether the district court plainly erred in accepting his plea. *See United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). The district court must ensure that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3); *United States v. Taylor-Saunders*, 88 F.4th 516, 522 (4th Cir. 2023). "The district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Stitz*, 877 F.3d at 536 (internal quotation marks omitted). The district court may reach this conclusion based on "anything that appears on the record." *Id.* (internal quotation marks omitted).

To convict a defendant of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), the Government must establish that the defendant "(1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." *United States v. Dennis*, 19 F.4th 656, 667 (4th Cir. 2021) (citing *United*

2

*States v. Lomax*, 293 F.3d 701, 704-05 (4th Cir. 2002)). The Government proffered that, when searching Stanford's house, law enforcement found Stanford's 12-gauge shotgun leaning against a wall in the kitchen where they also found packaging materials: including digital scales, a vacuum sealer, plastic baggies, a cup with cocaine residue, and a cocaine press. Officers also found cocaine and marijuana outside Stanford's house near a tree and three hydrocodone pills. The Government maintained that Stanford possessed the shotgun in furtherance of a drug conspiracy and a conspiracy to maintain a premises for drug trafficking. Stanford argues that the Government's factual proffer was insufficient to establish a factual basis to support his conviction under 18 U.S.C. § 924(c) as the majority of the drugs were found outside the house. The Government's factual proffer sufficiently established that Stanford possessed the firearm in furtherance of a drug trafficking crime because the firearm was near drug packaging and distribution materials and was easily accessible. *See Dennis*, 19 F.4th at 667-68 (discussing factors relevant to determining whether firearm furthered drug trafficking crime). Accordingly, we discern no plain error in the district court's acceptance of Stanford's plea. The Government's factual proffer established a sufficient factual basis for the § 924(c) offense.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3