**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4026

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORREY CAWTHORN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:19-cr-00036-JKB-2)

Submitted:  May 15, 2025                              Decided:  May 19, 2025

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Anthony D. Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland, for Appellant.  Michael Clayton Hanlon, Assistant United States Attorney, Patricia Corwin McLane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Correy Cawthorn pled guilty, pursuant to a written plea agreement, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). The district court sentenced Cawthorn to 420 months' imprisonment—a downward variance from the advisory Sentencing Guidelines range—and five years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the validity of Cawthorn's guilty plea and the appeal waiver within his plea agreement. Although notified of his right to do so, Cawthorn has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by the appeal waiver in Cawthorn's plea agreement.

A valid appeal waiver does not preclude this court's review of the validity of a guilty plea. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading guilty, and the possible consequences of his guilty plea. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3); *see United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and

binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Because Cawthorn neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

We have reviewed the Rule 11 colloquy and conclude that the district court fully complied with Rule 11 in accepting Cawthorn's guilty plea. Moreover, the district court ensured that Cawthorn's plea was knowing, voluntary, and supported by a factual basis.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy

3

and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Although Cawthorn asserts that his guilty plea was driven by his fear of a life sentence, because "[e]very guilty plea necessarily entails a choice among distasteful options[,] . . . a guilty plea is not rendered involuntary merely because it was entered to avoid harsh alternatives." *United States v. Faris*, 388 F.3d 452, 457 (4th Cir. 2004), *vacated on other grounds*, 544 U.S. 916 (2005). Furthermore, with regard to Cawthorn's claim that his guilty plea and appeal waiver were invalid in light of his traumatic childhood, learning disabilities, and mental health issues, we conclude that any such limitations were mitigated by the assistance of his counsel. *See United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (finding appeal waiver knowing and intelligent in part because defendant and attorneys represented that defendant had been fully advised about, and understood, terms of agreement); *United States v. General*, 278 F.3d 389, 397-98, 400-01 (4th Cir. 2002) (concluding that appeal waiver was knowing and intelligent, despite defendant's ninth grade education, mental health struggles, and low IQ and district court's failure to specifically evaluate defendant's understanding of appeal waiver, where defendant was represented by counsel and confirmed that he discussed agreement with counsel and understood all of its terms); *United States v. Attar*, 38 F.3d 727, 731-32 (4th Cir. 1994) (noting significance of representation by counsel during guilty plea hearing).

We therefore conclude that Cawthorn knowingly and intelligently pled guilty and waived his right to appeal his conviction and sentence on any ground, excepting only an

appeal of a sentence above the statutory maximum.  Our review of the record in accordance with *Anders* revealed no meritorious grounds for appeal outside the scope of the appeal waiver.  We note, however, a clerical error in the written judgment.  Specifically, the judgment lists the count of conviction as "18:926(d)" when it is actually 18 U.S.C. § 1926(d).  Accordingly, we grant the Government's motion to dismiss Cawthorn's appeal as to all issues within the waiver's scope, affirm the remainder of the criminal judgment, and remand for correction of the clerical error in the judgment.

This court requires that counsel inform Cawthorn, in writing, of the right to petition the Supreme Court of the United States for further review.  If Cawthorn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Cawthorn.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*