**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4724**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMAR SHAKI GARDNER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:22-cr-00016-NKM-JCH-1)

———————

Submitted:  June 12, 2025                     Decided:  June 16, 2025

———————

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Dismissed in part, affirmed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant.  Laura Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demar Shaki Gardner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five grams or more of actual methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846; possession with intent to distribute and distribution of five grams or more of actual methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and possessing and carrying a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A).  The district court sentenced Gardner to 140 months' imprisonment and four years' supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether Gardner's § 924(c)(1)(A) conviction and sentence are constitutional following *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  Although notified of his right to do so, Gardner has not filed a pro se supplemental brief.  The Government has moved to dismiss the appeal as barred by the appeal waiver in Gardner's plea agreement.

A valid appeal waiver does not preclude this court's review of the validity of a guilty plea.  *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading guilty, and the possible consequences of

2

his guilty plea. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3); *see United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Because Gardner neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

We have reviewed the Rule 11 colloquy and conclude that the district court substantially complied with Rule 11 in accepting Gardner's guilty plea. Moreover, the district court ensured that Gardner's plea was knowing, voluntary, and supported by an independent factual basis. Accordingly, we discern no plain error in the district court's acceptance of Gardner's guilty plea.

Turning to the validity of the appeal waiver, "we review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record confirms that Gardner knowingly and intelligently waived his right to appeal his convictions and sentence, except for issues that cannot be waived by law. We therefore conclude that the waiver is valid and enforceable and that Gardner's challenge to the constitutionality of his § 924(c)(1)(A) conviction and sentence falls squarely within the waiver's scope. *See Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (explaining that "normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid [appellate] waivers").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Gardner's valid appellate waiver. Accordingly, we grant in part the Government's motion to dismiss Gardner's appeal and dismiss the appeal as to all issues within the waiver's scope, and we affirm the remainder of the criminal judgment.

4

This court requires that counsel inform Gardner, in writing, of the right to petition the Supreme Court of the United States for further review. If Gardner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gardner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*