**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4597**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD BRIAN WALKER,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Donald C. Coggins, Jr., District Judge.  (7:24-cr-00031-DCC-1)

---

Submitted:  October 6, 2025                          Decided:  October 17, 2025

---

Before KING, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Adam S. Ruffin, RUFFIN LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Brian Walker appeals his conviction following his guilty plea to several drug trafficking and firearms offenses, including one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Walker argues that his plea of guilty to possession of a firearm in furtherance of a drug trafficking crime was not supported by an adequate factual basis because the majority of the drugs discovered on his property were found in a locked safe separate from the firearms. We affirm.

Because Walker did not challenge the factual basis for his guilty plea in the district court, we review the district court's determination that a factual basis existed for the plea only for plain error. *See United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). To establish plain error, Walker must show that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). An error is "plain" if it is "clear or obvious" under the "settled law of the Supreme Court or this circuit." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (citation modified).

The district court must ensure that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3); *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). "The district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Stitz*, 877 F.3d at 536 (citation

2

modified).  The district court may reach this conclusion based on "anything that appears on the record." *Id.* (citation modified).

To convict a defendant of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A), the Government must establish that the defendant "(1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021).  We conclude that the Government's factual proffer at Walker's guilty plea hearing sufficiently established that he possessed a firearm in furtherance of a drug trafficking crime.  The Government proffered that Walker conspired with others to both possess and distribute controlled substances and that coconspirators had picked up and delivered methamphetamine to Walker at his home.  The Government further proffered that, when law enforcement officers searched Walker's residence and property, they found large quantities of drugs and multiple firearms, including a loaded firearm without a serial number hidden under Walker's bed and two rifles located in a shed together with a large amount of methamphetamine.  The Government maintained that an officer would have testified at trial that, based on the officer's training and experience, Walker possessed the firearms in furtherance of a drug trafficking offense.  *See id.* (discussing factors relevant to determining whether firearm furthered drug trafficking crime).  Accordingly, we discern no plain error in the district court's acceptance of Walker's plea. The Government's factual proffer established a sufficient factual basis for the § 924(c) offense.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*