**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4719**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS REED RATLIFF, a/k/a Reed Ratliff,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:21-cr-00062-TSK-MJA-1)

———————————

Submitted:  October 31, 2025              Decided:  November 13, 2025

———————————

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Brendan S. Leary,  OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant.  Kyle Robert Kane, Assistant United States Attorney, Martinsburg, West Virginia, Clayton John Reid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Reed Ratliff pled guilty, without a written plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced him to 66 months' imprisonment—a sentence well below the 120-month Sentencing Guidelines range—and five years of supervised release. On appeal, Ratliff's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Ratliff's sentence is reasonable. Although notified of his right to do so, Ratliff has not filed a pro se supplemental brief. We affirm.

We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id*. at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id*. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). Ratliff bears the burden of rebutting that presumption "by demonstrating that the sentence is unreasonable when measured against

2

the § 3553(a) factors." *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024); *see White*, 810 F.3d at 230.

Ratliff's sentence is procedurally and substantively reasonable. The district court properly calculated the applicable Guidelines range as the statutory maximum sentence of 120 months' imprisonment. The court listened to the parties' arguments and Ratliff's allocution, considered the § 3553(a) factors and the letters submitted on Ratliff's behalf, and explained its reasons for imposing a below-Guidelines-range sentence of 66 months. Ratliff's sentence is procedurally reasonable, and he has not rebutted the presumption of substantive reasonableness. We therefore discern no abuse of discretion in the imposition of Ratliff's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Ratliff, in writing, of the right to petition the Supreme Court of the United States for further review. If Ratliff requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ratliff. We dispense with oral argument because the

---

[*] Although neither counsel nor Ratcliff raised any issues with Ratcliff's guilty plea, pursuant to our *Anders* review, we placed this case in abeyance for our decision in *United States v. Van Epern*, No. 21-4408, 2025 WL 1589255 (4th Cir. 2025). We discern no plain error in the district court's acceptance of Ratcliff's guilty plea. *See United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (reviewing district court's determination that factual basis existed for plain error in absence of objection below).

3

facts and legal contentions are adequately presented in the materials before this court and

argument would not aid the decisional process.

*AFFIRMED*