**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4557**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY MICHAEL DEVER, a/k/a timothy-michael: de vere, a/k/a Timothy Michael Deaver,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:22-cr-00072-MR-WCM-1)

Submitted:  August 7, 2025                                    Decided:  December 3, 2025

Before WILKINSON, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Eric J. Foster, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Michael Dever appeals his convictions and the 120-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to five counts of aiding and abetting interstate threatening communication, in violation of 18 U.S.C. §§ 2, 875(c). On appeal, Dever argues that his guilty plea is not supported by an adequate factual basis and that his sentence is procedurally and substantively unreasonable. The Government has requested that we dismiss Dever's appeal of his sentence pursuant to the appeal waiver contained in Dever's plea agreement.

Beginning with the validity of Dever's guilty plea, because Dever did not object to the adequacy of the factual basis before the district court, we review that issue for plain error. *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (citation modified). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (citation modified).

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). Before accepting a guilty plea, the district court must conduct a plea colloquy

2

in which it ensures that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). The factual basis requirement "ensure[s] that the court make[s] clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. Mastrapa*, 509 F.3d 652, 659-60 (4th Cir. 2007) (citation modified). "The district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Stitz*, 877 F.3d at 536 (citation modified).

Under federal law, one who "aids, abets, counsels, commands, induces or procures" the commission of a crime "is punishable as a principal." 18 U.S.C. § 2(a). To convict a defendant under a theory of aiding and abetting, the government must prove "that the defendant (1) took an affirmative act in furtherance of the underlying offense and (2) did so with the intent of facilitating the offense's commission." *United States v. Odum*, 65 F.4th 714, 721 (4th Cir. 2023) (citation modified). Focusing on the defendant's state of mind, "a person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission." *United States v. Oloyede*, 933 F.3d 302, 317 (4th Cir. 2019) (citation modified).

To establish a violation of § 875(c), the government must prove "(1) the defendant knowingly communicate[d] a statement in interstate commerce that (2) contain[ed] a 'true threat' that is not protected by the First Amendment." *United States v. White*, 810 F.3d 212, 219 (4th Cir. 2016). The government must also "prove the defendant 'had some understanding of his statements' threatening character,'" in that he at least "'consciously

3

disregarded a substantial risk that his communications would be viewed as threatening violence.'" *In re Rendelman*, 129 F.4th 248, 252 (4th Cir. 2025) (quoting *Counterman v. Colorado*, 600 U.S. 66, 69, 73 (2023)).  Upon review, we conclude that the magistrate judge did not plainly err in finding Dever's guilty plea to aiding and abetting the charged violations of § 875(c) was supported by an adequate factual basis.

To the extent Dever seeks to appeal his sentence, the Government asks us to dismiss the appeal pursuant to the appeal waiver contained in Dever's plea agreement.  "When, as here, the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Richardson*, 146 F.4th 394, 398 (4th Cir. 2025) (citation modified).  "Whether a defendant knowingly and intelligently agreed to waive his right of appeal must be evaluated by reference to the totality of the circumstances." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010) (citation modified).  But a waiver generally is valid "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Dever does not contest the validity of the appeal waiver, and our review of the Fed. R. Crim. P. 11 hearing leads us to conclude that the waiver is valid and enforceable.  We further conclude that Dever's challenges to the reasonableness of his sentence fall squarely within the waiver's scope.

4

Accordingly, we affirm Dever's convictions and dismiss the remainder of the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*