**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 25-4030**

―――――――――

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　　v.

CHARLES PAGE,

　　　　Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:22-cr-00050-FL-2)

―――――――――

Submitted:  September 18, 2025　　　　　　　　　Decided:  September 22, 2025

―――――――――

Before THACKER and BENJAMIN, Circuit Judges, TRAXLER, Senior Circuit Judge.

―――――――――

Dismissed in part and affirmed in part by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Peter Marshall Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Katherine Simpson Englander, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Page pled guilty pursuant to a written plea agreement to use of a communication facility to facilitate a felony, in violation of 21 U.S.C. § 843(b), (d). The district court imposed the statutory maximum sentence of 48 months' imprisonment. On appeal, Page's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Page's appeal waiver and guilty plea are valid, whether trial counsel was ineffective, whether Page's sentence is reasonable, and whether the Government engaged in prosecutorial misconduct. Page has filed a pro se supplemental brief reasserting many of the arguments in the *Anders* brief and maintaining that the Bureau of Prisons has improperly deemed him ineligible for credits under the First Step Act of 2018. Page also asserts that trial counsel was ineffective for failing to conduct proper discovery and failing to challenge the quantity of drug weight attributed to Page. The Government moves to dismiss Page's appeal pursuant to the appellate waiver in his plea agreement. We dismiss in part and affirm in part.

A valid appeal waiver does not preclude our review of the validity of a guilty plea. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading guilty, and the possible consequences of his guilty plea. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of

2

threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3); *see United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Because Page neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

We have reviewed the Rule 11 colloquy and conclude that, although the magistrate judge omitted a few of Rule 11's requirements, those minor omissions did not affect Page's substantial rights.[1] Moreover, the magistrate judge ensured that Page's plea was knowing, voluntary, and supported by an independent factual basis. Accordingly, we discern no plain error in the district court's acceptance of Page's guilty plea.

---

[1] Page consented to proceed before a magistrate judge.

3

Turning to the validity of the appeal waiver, "we review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record confirms that Page knowingly and intelligently waived his right to appeal his convictions and sentence, except for issues that cannot be waived by law. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raised by counsel and Page fall squarely within the scope of the appeal waiver.[2]

The appeal waiver does not preclude our review of Page's ineffective assistance and prosecutorial misconduct claims. However, there is no evidence in the record to support Page's conclusory claim of prosecutorial misconduct. Furthermore, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance]

---

[2] To the extent Page challenges his ineligibility for First Step Act credits, such claims cannot be raised on direct appeal. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (noting that "attacks on the execution of a sentence are properly raised in a [28 U.S.C.] § 2241 petition").

4

claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record before us does not conclusively establish that plea counsel rendered ineffective assistance. Accordingly, Page's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Page, in writing, of the right to petition the Supreme Court of the United States for further review. If Page requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Page.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

5