**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 25-4266**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STEPHANIE ANN ALLEN,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:23-cr-00003-TSK-MJA-1)

―――――――――

Submitted:  January 22, 2026               Decided:  January 26, 2026

―――――――――

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Shaina L. Richardson, Morgantown, West Virginia, Carrington N. Napier, STEPTOE & JOHNSON PLLC, Charleston, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie Ann Allen pleaded guilty, without a written plea agreement, to possession with intent to distribute methamphetamine and possession with intent to distribute fentanyl, both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced her to 151 months' imprisonment, to run consecutively to a state sentence she was already serving, and three years of supervised release. On appeal, Allen's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Allen received ineffective assistance of counsel during the proceedings below and whether Allen's guilty plea was valid. Counsel also questions whether Allen's sentence is procedurally and substantively reasonable because, at sentencing, the court commented on an unrelated criminal case, and it denied Allen's request that her sentence run concurrently with her state sentence. Although informed of her right to do so, Allen has not filed a pro se supplemental brief.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights she is relinquishing by pleading guilty, the nature of the charges to which she is pleading guilty, and the possible consequences of her guilty plea. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3); *see United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United*

2

*States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (citation modified).  Because Allen did not seek to withdraw her guilty plea in the district court, we review the adequacy of the Fed. R. Crim. P. 11 hearing only for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (citation modified).

We have reviewed the transcript of the Rule 11 colloquy and conclude that the magistrate judge fully complied with Rule 11's requirements and ensured that Allen's plea was knowing, voluntary, and supported by an independent factual basis.  We thus discern no plain error warranting correction in the acceptance of Allen's guilty plea and conclude that her guilty plea is valid.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).  We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence.  *Id.*  Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its

3

discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (citation modified). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

With respect to the procedural reasonableness of Allen's sentence, the district court correctly calculated the Guidelines range, considered the parties' arguments and Allen's individualized circumstances, offered Allen the opportunity to allocute, and explained why the chosen sentence was appropriate. Further, although the court commented on an unrelated criminal case during the sentencing hearing, it did not impermissibly rely on the facts of that case to formulate Allen's sentence. Instead, the court crafted Allen's sentence based on her criminal history, pretrial violations, and the nature and seriousness of her offenses. Accordingly, we conclude that Allen's sentence is procedurally reasonable.

Turning to substantive reasonableness, we conclude that the district court did not abuse its discretion in declining Allen's request to have her federal sentence run concurrently with her undischarged state sentence. The court acknowledged Allen's state sentence but declined to impose her federal sentence to run concurrently with the state sentence after considering the relevant Guidelines recommendations, basic principles of fairness, Allen's criminal history, and her violations of her pretrial conditions by continuing to traffic fentanyl. *See* 18 U.S.C. § 3584(a), (b); U.S. Sentencing Guidelines Manual § 5G1.3; *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019) (recognizing

4

district court's discretion to impose a concurrent or consecutive sentence after "considering the [§ 3553(a)] factors"). We discern no abuse of discretion in the district court's decision here. Accordingly, we conclude that Allen's sentence is substantively reasonable.

We review de novo an ineffective assistance of counsel claim made on direct appeal but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (citation modified). Because the present record does not conclusively show that Allen's counsel rendered ineffective assistance, Allen's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Allen, in writing, of the right to petition the Supreme Court of the United States for further review. If Allen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Allen.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5